```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ACE PARTNERS,                         :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :     Case No. 3:09-cv-1282 (RNC)
                                      :
TOWN OF EAST HARTFORD, ET AL.,        :
                                      :
     Defendants.                      :
```

## RULING AND ORDER

This case is before the Court on plaintiff's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) to add prejudgment interest of $5,822 to its compensatory damages award of $352,660 and to require that post-judgment interest accrue until the compensatory damages are paid. [ECF No. 107] For the reasons that follow, the motion is granted in part and denied in part.

### Applicable Standard

Defendants oppose the motion to amend on the ground that the plaintiff has failed to point to controlling decisions or data that the Court overlooked in entering judgment. Plaintiff replies that no such showing is required to support a Rule 59(e) motion to amend a judgment to include prejudgment interest. The Court agrees.

### Prejudgment Interest

Whether to award prejudgment interest in a suit to enforce a

1

federal right is "ordinarily left to the discretion of the district court." Gierlinger v. Gleason, 160 F.3d 858, 873 (2d Cir. 1998). In making a determination regarding prejudgment interest, courts consider the need to fully compensate the wronged party, the relative equities of the award, and the remedial purpose of the applicable statute. Id. These factors weigh in favor of the plaintiff's request.

After careful review of a voluminous record, Judge Martinez determined that defendants' unconstitutional nonrenewal of plaintiff's precious metals license caused actual damages of $352,660. In similar circumstances, prejudgment interest has been awarded to fully compensate the plaintiff for economic injury caused by the loss of a license. See Tretola v. Cty. of Nassau, No. 08-CV-3225 DRH WDW, 2014 WL 2866095, at *1-2 (E.D.N.Y. June 24, 2014) (awarding prejudgment interest when defendants revoked plaintiff's license and thereby "constructively withheld profits that [p]laintiff would have earned").

Defendant's contend that an award of prejudgment interest would not be fair or equitable because the damages in this case are "inherently speculative." Defs.' Obj. (ECF No. 121) at 5. However, as the recommended ruling demonstrates, the amount of compensatory damages awarded to the plaintiff for the loss of its precious metals business is a reasonable estimate adequately

supported by expert testimony and documentary evidence.  More is not required to support an award of interest.  See Tretola, 2014 WL 2866095, at *1-2 (awarding prejudgment interest on estimate of lost sales based on sales figures, but declining to award prejudgment interest on loss from distress sale because figure was not supported by documentation and was therefore "highly speculative"); cf. Sulkowska, 170 F. Supp. 2d at 317-21 (declining to award prejudgment interest in part because damages were based on emotional injuries that were "not ascertainable with any precision either at the time of the wrongdoing or at the time of trial or judgment" and were therefore "inherently speculative").

Defendants also contend that the compensatory damages award fully compensates the plaintiff for its economic loss.  In the recommended ruling, Judge Martinez stated that her task was to determine the fair market value of the precious metals business "as of the day it closed."  Recommended Ruling After Hearing in Damages (ECF No. 99) at 5-6.  Judge Martinez also noted that the plaintiff intended to seek prejudgment interest.  Id. at 6 n.9.  Thus, defendants' argument that an award of interest would be duplicative is incorrect.

Post-Judgment Interest

Plaintiff asks that the Court specify in the amended judgment that post-judgment interest will continue to accrue.

The requested amendment is unnecessary because, under 28 U.S.C. § 1961, post-judgment interest, calculated from the date of the entry of the judgment, is "mandatory."  <u>Fraser v. Wyeth, Inc.</u>, 992 F. Supp. 2d 68, 102 (D. Conn. 2014).  Moreover, because the defendants have filed a notice of appeal, post-judgment interest is a matter to be addressed in the mandate issued by the Court of Appeals.  <u>See</u> Fed. R. App. P. 37.

Accordingly, the motion to alter or amend the judgment is hereby granted as to prejudgment interest and denied as to post-judgment interest.  The Clerk will enter an amended judgment awarding the plaintiff $5,822 in prejudgment interest, in addition to $352,660 in compensatory damages, $490,831.75 in attorneys' fees and $3,585.27 in costs.

So ordered this 9th day of August 2016.

```
                          /s/  RNC
                    Robert N. Chatigny
                 United States District Judge
```